# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

    v.                                                   No. 1:18-cr-2939-WJ

RICHARD CHRISTOPHER JOJOLA,

    Defendant.

## MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR A BILL OF PARTICULARS

**THIS MATTER** is before the Court on Defendant's Motion for a Bill of Particulars [Doc. 112], filed February 28, 2020. Defendant requests the Court hold an evidentiary hearing and then order the United States to provide a bill of particulars notifying him of the specific conduct alleged in Counts 3, 4, 5, 6, and 7. The United States opposes Defendant's request arguing that the indictment and discovery provide the specificity Defendant seeks. Defendant offers no reasons why an evidentiary hearing is needed. Considering this a legal issue, with no need for evidence, the Court finds that an evidentiary hearing is not necessary to decide this motion.

Federal Rule of Criminal Procedure 7(f) authorizes courts to "direct the government to file a bill of particulars." "The purpose of a bill of particulars is to inform the defendant of the charge against him with sufficient precision to allow him to prepare his defense, to minimize surprise at trial, and to enable him to plead double jeopardy in the event of a later prosecution for the same offense." *United States v. Dunn*, 841 F.2d 1026, 1029 (10th Cir. 1988) (quoting *United States v. Cole*, 755 F.2d 748, 760 (11th Cir. 1985)). "The test in passing on a motion for a bill of particulars should be whether the information requested is necessary to allow the defense to prepare its case

adequately or to avoid prejudicial surprise." 1 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 130 (4th ed. Aug. 2019).

Count 3 charges Defendant and his co-defendants with a Hobbs Act Robbery, in violation of 18 U.S.C. § 1951(a). Doc. 2 at 4. The elements of the charge are:

1. The defendants obtained or attempted to obtain property from another without that person's consent,
2. The defendants did so by wrongful use of actual or threatened force, violence, or fear, and
3. As a result of the defendants' actions, interstate commerce was actually or potentially delayed, obstructed, or affected in any way or degree.

Doc. 115 at 3–4; *see* Tenth Circuit Criminal Pattern Jury Instruction 2.70 (Feb. 2018). The indictment clarifies that the "purpose of the conspiracy was to obtain drugs or drug proceeds from Ronald Moquino in the District of New Mexico, by robbery." Doc. 2 at 2. As to the first two elements, the indictment explains that the defendants entered Ronald Moquino's house to search for drugs and drug proceeds and, during the robbery, brandished and discharged firearms. Doc. 2 at 3–4. As to the third element, the United States explains, and the Court agrees, that the United States does not have to show that Defendant's actions affected interstate commerce. The Supreme Court made this clear in *Taylor v. United States*:

> In order to obtain a conviction under the Hobbs Act for the robbery or attempted robbery of a drug dealer, the Government need not show that the drugs that a defendant stole or attempted to steal either traveled or were destined for transport across state lines. Rather, to satisfy the Act's commerce element, it is enough that a defendant knowingly stole or attempted to steal drugs or drug proceeds, for, as a matter of law, the market for illegal drugs is "commerce over which the United States has jurisdiction." And it makes no difference under our cases that any actual or threatened effect on commerce in a particular case is minimal.

136 S. Ct. 2074, 2081 (2016).

Counts 4, 5, 6, and 7 charge Defendant and his co-defendants with Using, Carrying, Brandishing, and Discharging a Firearm During and in Relation to a Crime of Violence, in violation of 18 U.S.C. § 924(c) and 2. Doc. 2 at 4–6. The specificity Defendant seeks as to these

2

counts is stated in the indictment's overt acts section:

> As alleged in Count 4, RICHARD CHRISTOPHER JOJOLA discharged a firearm at J.C. outside of the residence, causing J.C. to flee in fear for his life.
>
> . . . .
>
> As alleged in Count 5, once inside of the residence, RICHARD CHRISTOPHER JOJOLA brandished a firearm at M.A., causing her to fear for her life.
>
> . . . .
>
> As alleged in Count 6, RICHARD CHRISTOPHER JOJOLA discharged a firearm at JASON KENNETH ABEITA, striking him in the back.
>
> As alleged in Count 7, RICHARD CHRISTOPHER JOJOLA repeatedly discharged a firearm, with bullets striking the bathroom door and ultimately striking Ronald Moquino in the shoulder.

*Id.* at 3–4.

The Court finds that a bill of particulars for Counts 3, 4, 5, 6, and 7 is not necessary to allow Defendant to prepare his case adequately or avoid prejudicial surprise. Accordingly, Defendant's Motion for a Bill of Particulars [Doc. 112] is **DENIED**.

**IT IS SO ORDERED**.

_____
**WILLIAM P. JOHNSON**
**CHIEF UNITED STATES DISTRICT JUDGE**